**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAYCEE WISE,** : | |
| : | **Civil Action No. 1:07-CV-01899** |
| **Plaintiff** : | |
| : | **(Chief Judge Kane)** |
| v. : | |
| : | |
| **U. RANCK,** : | |
| : | |
| **Defendant** : | |

## MEMORANDUM

**I.      INTRODUCTION**

Plaintiff Jaycee Wise ("Wise"), an inmate currently incarcerated at the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania ("FCI-Allenwood"), filed this Bivens[1]-styled complaint, claiming that Defendant Viola Ranck, an FCI-Allenwood unit counselor, violated his constitutional rights by failing to protect him from his former cell mate, whom he contends has a history of antisocial behavior and territorial issues. (Doc. No. 1.) Ranck has filed a motion for summary judgment. (Doc. No. 14.) For the reasons set forth below, the motion for summary judgment will be granted.

**II.     BACKGROUND**

Ranck seeks summary judgment on the grounds that qualified immunity shields her from suit because her actions do not qualify as deliberate indifference. In opposing Ranck's motion, Wise claims there are disputed issues of material fact as to Ranck's deliberate indifference. The

---

[1] Bivens v. Six Unknown Named Agent of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

Court will recount here Wise's version of the facts, with some additional uncontested facts cited by Ranck.[2]

Wise shared a two-man cell at FCI-Allenwood with Gary White from December 26, 2006 through January 22, 2007. (Doc. No. 15-2 at 4.)[3] On January 22, 2007, Wise spoke with Ranck in her office about issues he was having with White. (Doc. No. 16 at ¶ 2; Doc. No. 19 at ¶¶ 2, 3.) Wise requested a cell change because he did not feel comfortable in the cell with White. (Doc. No. 19 at ¶ 1.) He also informed Ranck that White had threatened him with violence if Wise did not change his cell assignment. (Id.) However, Wise suggested to Ranck that White, rather than Wise, be moved to a six-man cell in order to "make him humble himself."[4] (Id. at ¶ 6.) Further, Wise wanted a separation from White "to avoid getting into any type of trouble." (Id. at ¶ 2.) Rather than move either inmate, Ranck informed Wise that she would give the two inmates a few days in which to resolve their differences. (Doc. No. 19 at ¶ 9.) When Wise exited Ranck's office, he stated that if White was not moved, he would interpret that as permission to fight with White. (Doc. No. 16 at ¶ 6; Doc. No. 19 at ¶ 10.) Ranck informed Wise that fighting would not

---

[2] Under Middle District Local Rule 56.1, a party moving for summary judgment must file a "separate, short and concise statement of material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." A party opposing a summary judgment motion must respond to the numbered paragraphs in the moving party's statement of material facts. Both the movant's and the opponent's statements of material facts must contain references to the record to support their respective assertions. "All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party." M.D. Pa. L.R. 56.1. In this case, both Ranck and Wise have complied with Local Rule 56.1 by submitting a separate statement of material facts. (Doc. Nos. 16 & 19.)

[3] Ranck has submitted a sworn affidavit in support of her motion for summary judgment. (Doc. No. 15-2.)

[4] In her statement of material facts, Ranck adds that Wise stated he would not move to another cell and White should be the one to move. (Doc. No. 16 at ¶ 5.)

be tolerated. (Doc. No. 19 at ¶ 7.)

After speaking with Wise, Ranck notified her supervisors of the content of their conversation. (Doc. No. 15-2 at ¶ 4.) Later that same day, after Ranck had left the institution for the day, Wise and White were involved in an altercation in which White stabbed Wise in the neck, resulting in nine stitches. (Doc. No. 15-2 at ¶ 6.)

Wise filed the instant action on October 18, 2007. (Doc. No. 1.) In his complaint, Wise claims that Ranck placed him in a cell with White despite her knowledge that White posed a risk of serious harm to Wise. He claims that he endured three weeks in a two-man cell with White, whose antisocial behavior caused "tension and arguments." (Id. at 3.) Wise alleges that he made his concerns known to Ranck, but she would not move Wise from the cell. (Id.) Consequently, White, allegedly in an unprovoked attack, stabbed Wise in the neck. (Id.) Based on the foregoing, Wise seeks compensatory and punitive damages claiming that Ranck was deliberately indifferent to the substantial risk of harm presented by White.

In her motion for summary judgment, Ranck contends that she is entitled to judgment as a matter of law because qualified immunity shields her from suit. The motion has been fully briefed and therefore is ripe for disposition.

### III. STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); accord Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**IV. DISCUSSION**

In her brief in support of the motion for summary judgment, Ranck raises the issue of qualified immunity.[5] The doctrine of qualified immunity provides that government officials

---

[5] Ranck concedes that Wise has exhausted the administrative remedy procedure with respect to the *Bivens* claim raised in his complaint. (*See* Doc. No. 15.) Thus, the court need not address the threshold issue of exhaustion of administrative remedies with respect to Wise's

performing "discretionary functions," are shielded from suit if their conduct did not violate a "clearly established statutory or constitutional right[] of which a reasonable person would have known." Wilson v. Layne, 526 U.S. 603, 609 (1999); Saucier v. Katz, 533 U.S. 194, 200-01 (2001). This doctrine provides not only a defense to liability, but "immunity from suit." Hunter v. Bryant, 502 U.S. 224, 227 (1991); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

To determine whether government officials have lost their immunity, the court must first decide if the plaintiff has demonstrated "a deprivation of an actual constitutional right." Conn v. Gabbert, 526 U.S. 286, 290 (1999); see also Saucier, 533 U.S. at 201 ("A court required to rule upon the qualified immunity issue must consider . . . this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"); Doe v. Groody, 361 F.3d 232, 237 (3d Cir. 2004); accord Wright v. City of Philadelphia, 409 F.3d 595, 600-01 (3d Cir. 2005) (noting that six Courts of Appeals have ruled that first step in a qualified immunity analysis is whether a constitutional violation has occurred). Second, if the court believes a constitutional violation has occurred, it must consider whether the right was "clearly established." Saucier, 533 U.S. at 201.

When immunity is raised at the summary judgment stage, the court's analysis of the merits of the claims for purposes of summary judgment essentially merges with its analysis of the existence of a deprivation of federal rights for purposes of immunity. See Gruenke v. Seip, 225 F.3d 290, 299-300 (3d Cir. 2000); Russoli v. Salisbury Twp., 126 F. Supp. 2d 821, 839-42 (E.D. Pa. 2000); see also Grant v. City of Pittsburgh, 98 F.3d 116, 122 (3d Cir. 1996) ("[C]rucial to the resolution of [the] assertion of qualified immunity is a careful examination of the record . .

---

claim.

. to establish . . . a detailed factual description of the actions of each individual defendant (viewed in a light most favorable to the plaintiff).").

Proceeding under the above framework, the court will examine Wise's Eighth Amendment failure to protect claim to determine whether Ranck is entitled to qualified immunity, and whether summary judgment is warranted.

The Eighth Amendment obligates a prison official to "take reasonable measures . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). A prison official may be held liable under the Eighth Amendment where he or she knew that an inmate "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." Id. at 847. Negligence, or the lack of due care under the circumstances, is insufficient to support a claim that a prison official failed to protect the inmate. Davidson v. Cannon, 474 U.S. 344, 347 (1986).

To establish that a prison official violated the Eighth Amendment by failing to prevent harm, an inmate must satisfy a two-pronged test. Farmer, 511 U.S. at 834. An inmate must show (1) that the prison conditions posed a substantial risk of serious harm, and (2) that the prison official was deliberately indifferent to the inmate's health or safety. Id. Deliberate indifference is the reckless disregard of a known, excessive risk of serious harm to an inmate's health or safety. Id. at 836. To constitute deliberate indifference as defined in Farmer, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Furthermore, this element of deliberate indifference must be viewed from the prison official's perspective at the time in question, not with hindsight's perfect vision. Jackson v. Everett, 140

F.3d 1149, 1152 (8th Cir. 1998).

In the instant case, Ranck argues that Wise has not stated a claim for an Eighth Amendment violation because, based on the facts leading up to White's attack, Ranck was not aware of a substantial risk of serious harm to Wise's safety. To the contrary, Wise asserts that Ranck knew that White posed a risk of serious harm to Wise because several of White's previous cell mates had requested a cell change because of White's territorial issues relating to his cell. (Doc. No. 17 at 2.) He also asserts that Ranck knew that White did not "get along" with anyone who is put in a cell with him. (Doc. No. 19 at ¶ 4.) However, other than Wise's assertion that this is true, Wise does not offer any evidence that White, in fact, had a history of violence against other inmates or had previously attacked an inmate at FCI-Allenwood.[6] See Faulcon v. City of Philadelphia, 18 F. Supp. 2d 537, 541 (E.D. Pa. 1998) (citing Andrews v. C.O.I.M Grabowski, No. 95-7781, 1997 WL 698136, at *3 (E.D. Pa. Nov. 4, 1997) (granting summary judgment where one inmate was attacked by another inmate and the only evidence of "knowledge" was a memorandum allegedly written by a prison official outlining the attacker's violent propensity and his other misconduct reports); Baker v. Lehman, 932 F. Supp. 666, 671 (E.D. Pa. 1996) (granting summary judgment on inmate's failure to protect claim where only evidence inmate provided was a letter allegedly written one year prior to attack from inmate to prison official requesting separation from attacker)). Moreover, Wise has provided no evidence that Ranck knew of White's propensity to antisocial behavior and violence, facts from which an inference of a "substantial risk of harm" might be drawn. See Farmer, 511 U.S. at 842-43

---

[6] Presumably the institution would have a record of such an incident, but nothing of this sort was provided to the Court. Not were any statements by any prison officials to this effect provided.

7

(stating "if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk'") (citations omitted). But even if that inference could be made, Wise has provided no evidence that Ranck drew that inference of "excessive risk to inmate health or safety" from the facts he presents.

While the harm actually suffered by Wise provides this Court the benefit of hindsight, it does not reasonably support an inference that Ranck disregarded a substantial risk to Wise's safety. Put simply, the Court does not believe Wise's statements at the meeting with Ranck prior to the attack establish that she had actual knowledge of a threat of serious harm to Wise. See Farmer, 511 U.S. at 846 (noting that to defeat summary judgment a plaintiff must present enough evidence to support an inference that the prison official "knowingly and unreasonably disregard[ed] an objectively intolerable risk of harm"). In fact, Wise's statements to Ranck suggest that he was planning to initiate a physical altercation with White. However, Ranck immediately informed Wise that fighting would not be tolerated. She also notified her supervisor of her conversation with Wise prior to leaving the institution for the day.

Wise did inform Ranck that White had threatened him with violence if he did not change cells, "but threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." Jackson, 140 F.3d at 1152 (citations and internal quotations omitted). Because courts give prison officials "wide-ranging deference . . . to

preserve internal order and discipline and to maintain institutional security," Bell v. Wolfish, 441 U.S. 520, 547 (1979), Ranck's failure to take additional security measures, even if arguably negligent, cannot constitute reckless disregard of a known risk. See also Farmer, 511 U.S. at 838 ("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.").

In sum, under the circumstances presented here, the Court finds that Wise's comments to Ranck at their January 22, 2007 meeting were insufficient to show that she knew that he faced a substantial risk such that she could be considered deliberately indifferent to that risk. See Beers-Capitol, 256 F.3d 120, 137 (3d Cir. 2001) (noting that "[t]he deliberate indifference standard as set out in Farmer is a high one"). Thus, Wise fails to establish a constitutional violation and qualified immunity shields Ranck from suit. Ranck's motion for summary judgment on this issue will be granted.

An appropriate order will issue.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAYCEE WISE,** | : |
| | : Civil Action No. 1:07-CV-01899 |
| **Plaintiff** | : |
| | : (Chief Judge Kane) |
| v. | : |
| | : |
| **U. RANCK,** | : |
| | : |
| **Defendant** | : |

## ORDER

**AND NOW**, this 6th day of November, 2008, upon consideration of the motion for summary judgment (Doc. 14), and for the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED THAT**:

1. The motion for summary judgment (Doc. 14) is **GRANTED**.

2. The Clerk of Court is directed to **ENTER** judgment in favor of the Defendant and against the Plaintiff.

3. The Clerk of Court is directed to **CLOSE** this case.

S/ Yvette Kane
Yvette Kane, Chief Judge
Middle District of Pennsylvania