# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JAYCEE WISE, | : | CIVIL NO. 1:CV-07-1899 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| U. RANCK, | : | |
| Defendant | : | |

## MEMORANDUM

Before the Court is Plaintiff Jaycee Wise's motion for reconsideration (Doc. No. 26) of the Court's memorandum and order of November 6, 2008 (Doc. No. 24), granting Defendant's motion for summary judgment in the above action. For the reasons that follow, the motion will be denied.

## I.   Background

Wise is an inmate currently incarcerated at the Federal Correctional Institution at Allenwood (FCI-Allenwood), Pennsylvania. He claims that U. Ranck, a counselor at FCI-Allenwood, violated his constitutional rights when she failed to protect him from his former cell mate (White), whom Wise contends has a history of antisocial behavior and territorial issues. In an incident which occurred on January 22, 2007, Wise was stabbed by White in the neck, requiring nine (9) stitches. Earlier that day, Wise had spoke with Ranck to request a cell change because he did not feel comfortable in the cell with White. Wise also informed Ranck that White had threatened him with violence if he did not request a cell change.

Ranck moved for summary judgment on the ground that qualified immunity shielded her from suit because her actions did not qualify as deliberate indifference. Ranck argued that Wise had not stated an Eighth Amendment violation because, based on the facts leading up to the

attack by White, Ranck was not aware of a substantial risk of serious harm to Wise's safety. To the contrary, Wise asserted that Ranck knew that White posed a risk of serious harm to him because several of White's previous cell mates had requested a cell change due to White's territorial issues relating to his cell. Wise further claimed that Ranck knew that White did not get along with anyone was celled with him.

In addressing the summary judgment motion, the Court pointed out that other than making the above assertions, Wise did not offer any evidence that White had a history of violence against other inmates or had previously attacked an inmate at FCI-Allenwood. The Court found that Wise provided no evidence that Ranck knew of White's propensity to antisocial behavior and violence, facts from which an inference of a "substantial risk of harm" might be drawn. Further, even if an inference could be made, Wise had provided no evidence that Ranck drew that inference of "excessive risk to inmate health or safety" from the facts he presented. The Court further noted that Wise's statements to Ranck prior to the attack suggested that he was planning to initiate a physical altercation with White. However, Ranck immediately informed Wise that fighting would not be tolerated, and notified her supervisor of her conversation with Wise before she left for the day. While Wise did inform Ranck that White had made a threat of violence if Wise did not seek a cell change, ". . . threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." See Jackson v. v. Everett, 140 F.3d 1149, 1152 (8th Cir .1998).

On November 21, 2008, Wise filed the instant motion for reconsideration. (Doc. No. 26.) In the motion Wise basically reargues the merits of his case, and claims that he may be able to find evidence to support his claim of deliberate indifference.

2

**II.     Discussion**

A motion for reconsideration is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to present manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Wise fails to demonstrate any of the applicable grounds for reconsideration.  He has not filed his motion for reconsideration to set forth an intervening change in law, present new

evidence, or argue the existence of a clear error of law or fact.  He simply restates arguments advanced in his prior filings.   Accordingly, the motion for reconsideration will be denied.  An appropriate Order will issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAYCEE WISE,** | : | CIVIL NO. 1:CV-07-1899 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **U. RANCK,** | : | |
| **Defendant** | : | |

# ORDER

**AND NOW,** this 26th day of May, 2009, and in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. No. 26) is **DENIED.**

                                                 S/ Yvette Kane
                                               YVETTE KANE, Chief Judge
                                               Middle District of Pennsylvania